UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RESTAURANT 54 LLC | ) Civil Action No. 1:23-cv-882 (RDA/WEF) |
| d/b/a 54 Restaurant, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN LE | ) |
| a/k/a Johnny Le, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s ("Plaintiff" or "Joe Hand Promotions") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2). (Dkt. 13). Plaintiff seeks entry of default judgment against Defendants Restaurant 54 LLC doing business as 54 Restaurant ("54 Restaurant") and John Le ("Le"), the general manager and part owner of 54 Restaurant, (collectively referred to as the "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned Magistrate Judge is filing with the Court these proposed findings of fact and recommendations, a copy of which will be provided to all interested parties. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion for Default Judgment be granted against Defendants and damages be awarded but for an amount less than Plaintiff requested.[1]

---

[1]  Relevant filings before the Court include the Complaint (Dkt. 1) ("Compl."); Executed

**Procedural Background**

On July 7, 2023, Plaintiff filed this lawsuit against Defendants alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. § 151, *et seq.* (hereinafter referred to as the "Act" or "Communications Act"). (Dkt. 1, "Compl."). Generally, the Communications Act regulates interstate and foreign communication by wire and radio, and for other purposes. *See* 47 U.S.C. § 151, *et seq*. Here, Plaintiff claims Defendants violated two provisions of the Act. First, Plaintiff alleges Defendants violated 47 U.S.C. § 553, which prohibits the interception or receipt of cable communications without authorization. *See* 47 U.S.C. § 553; (Compl. ¶ 17). Second, Plaintiff alleges Defendants violated 47 U.S.C. § 605, which prohibits the interception or receipt of wire and radio communications, including satellite cable programming, without authorization. *See* 47 U.S.C. § 605. (*Id*. ¶ 16).

Plaintiff is a company that specializes in licensing and distributing premier sporting events to commercial establishments such as bars, restaurants, and similar businesses. (Compl. ¶ 7). Plaintiff held the exclusive commercial licensing rights to the broadcast of *Ultimate Fighting Championship® 264: Poirer vs. McGregor 3* telecast nationwide on July 10, 2021 ("the Program"). (*Id*. ¶¶ 1, 8). Defendants broadcast the Program to its customers without receiving a license or permission from Plaintiff. (*Id*. ¶ 11). The Program originated via satellite uplink and

---

Summons as to Defendant John Le (Dkt. 8); Executed Summons as to Defendant Restaurant 54 (Dkt. 9); Plaintiff's Request for Entry of Default (Dkt. 10); Declaration of Alex E. Wallin in Support of Request for Entry of Default (Dkt. 10-1); Clerk's Entry of Default (Dkt. 11); Order to File Motion for Default Judgment (Dkt. 12); Plaintiff's Motion for Default Judgment (Dkt. 13) ("Mot. Default J."); Memorandum of Law in Support of Plaintiff's Motion for Default Judgment (Dkt. 13-1) ("Mem. Supp."); Declaration of Joseph P. Hand, III (Dkt. 13-2) ("Hand Decl."); Declaration of Alex E. Wallin (Dkt. 13-3) ("Wallin Decl."); Supplemental Declaration of Alex E. Wallin (Dkt. 20) ("Supp. Wallin Decl."); Certificate of Mailing (Dkt. 21); and all attachments and exhibits submitted with those filings.

was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal. (*Id*. ¶ 8). As a result, Plaintiff alleges Defendants violated 47 U.S.C. §§ 553 and 605, and seeks statutory damages, attorneys' fees, costs, and interest. (*See* Compl. at 5, Prayer for Relief).

Plaintiff served 54 Restaurant with a copy of the Summons and Complaint on August 9, 2023 (*see* Dkts. 9, 20), and Plaintiff served Le with a copy of the Summons and Complaint on August 12, 2023 (*see* Dkt. 8). Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Restaurant 54 was required to file an Answer or otherwise respond to the Complaint by August 30, 2023, and Le was required to file an Answer or otherwise respond to the Complaint by September 5, 2023. Both Defendants failed to do so.

On February 2, 2024, Plaintiff requested entry of default as to each Defendant with an accompanying declaration by Plaintiff's attorney, Alex E. Wallin. (Dkt. 10). On February 5, 2024, the Clerk entered default as to both Defendants. (Dkt. 11). On February 14, 2024, the Court entered an Order requiring Plaintiff to file a Motion for Default Judgment and notice a hearing on the motion before the undersigned, and to mail copies of the notice, motion, and memorandum to each defaulting Defendant at that Defendant's last known address, certifying the same to the Court. (Dkt. 12). On March 27, 2024, Plaintiff filed a Motion for Default Judgment, a memorandum in support of its motion and accompanying exhibits, and noticed the hearing for April 26, 2024.[2] (Dkts. 13, 14). On March 27, 2024, in compliance with this Court's February 14, 2024 Order, Plaintiff mailed copies of the notice, motion, and memorandum to both Defendants at their last known addresses and filed a certificate of service with the Court. (Dkt. 21).

---

[2] The hearing was originally noticed for April 19, 2024 but was rescheduled to April 26, 2024. (Dkt. 17).

On April 26, 2024, the undersigned held a hearing on Plaintiff's Motion for Default Judgment at which time counsel for Plaintiff appeared by telephone and presented argument in support of its motion, and no one appeared on behalf of Defendants.[3]  (Dkt. 18).  During the hearing, the Court asked for clarification on an issue related to Plaintiff's service of process on Restaurant 54 and ordered Plaintiff to submit a supplemental declaration by May 10, 2024.  (Dkt. 19).  On May 10, 2024, Plaintiff filed the supplemental declaration. (Dkt. 20).  To date, Defendants have failed to answer, appear, or otherwise participate in these proceedings.

Finding the allegations in the Complaint to be uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

### Facts Alleged in the Complaint and Deemed Admitted

Fed. R. Civ. P. 55 provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Based on the failure of Defendants to file an Answer or other responsive pleading in a timely manner, the Clerk properly entered default as to both Defendants.  (Dkt. 11).  A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (stating that when a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).  In this case, the following well-pleaded facts are established by the Complaint and are deemed admitted.

---

[3]  Plaintiff's counsel had previously sought and received permission to appear telephonically. (Dkts. 15, 17).

*The Parties*

Plaintiff Joe Hand Promotions is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Feasterville, Pennsylvania. (Compl. ¶ 1). Plaintiff is a company that specializes in licensing and distributing premier sporting events to commercial establishments such as bars, restaurants, and similar businesses. (*Id*. ¶ 7). Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. (*Id*.). Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers. (*Id*.).

Defendant Restaurant 54 LLC is a Virginia limited liability company that conducts business in the Commonwealth of Virginia under the name "54 Restaurant." (Compl. ¶ 2(a)–(c)). Restaurant 54 LLC operates, maintains, and controls 54 Restaurant, and did so on July 10, 2021, the date the Program was telecast nationwide. (*Id*. ¶ 2(d), (e)). 54 Restaurant is located at 6795 Springfield Mall, Springfield, Virginia 22150. (*Id*. ¶ 2(d)).[4]

Defendant John Le is an individual who resides in the Commonwealth of Virginia. (Compl. ¶ 3). On July 10, 2021, the date the Program was telecast nationwide, Le was an officer, director, shareholder, member and/or principal of the entity owning and operating 54 Restaurant. (*Id*. ¶ 3(a)). Additionally, Le had a right and ability to supervise the activities of 54 Restaurant. (*Id*. ¶ 3(b)). Le had an obvious and direct financial interest in the activities of 54 Restaurant. (*Id*. ¶ 3(c)).

---

[4] The undersigned takes judicial notice of the fact that Springfield, Virginia is within Fairfax County, Virginia, which is within the Eastern District of Virginia. *See* 28 U.S.C. § 127.

*Alleged Violations of the Communications Act of 1934*

Plaintiff held the exclusive right to license and distribute the nationwide telecast of the Program on July 10, 2021, including all undercard bouts and commentary, to commercial establishments throughout the United States. (Compl. ¶¶ 1, 8). The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal. (*Id*. ¶ 8). Plaintiff entered into agreements with various commercial establishments in the Commonwealth of Virginia that, in exchange for a fee, allowed them to exhibit the Program to their patrons. (*Id*. ¶ 9). In consideration of these agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Program broadcast to those establishments in the Commonwealth of Virginia. (*Id*.).

Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Program in 54 Restaurant for a fee. (Compl. ¶ 10). However, Defendants chose not to contract with Plaintiff or pay any fees to Plaintiff to obtain the proper license or authorization. (*Id.*). At no time did Plaintiff give Defendants license, permission, or authority to receive and exhibit the Program in 54 Restaurant. (*Id.*). By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants intercepted or received the interstate communication of the Program or assisted in such actions. (Compl. ¶ 11). Defendants then transmitted, divulged, and published said communication, or assisted in transmitting, divulging, and publishing said communication to patrons of 54 Restaurant. (*Id.*). Defendants exhibited the Program to 54 Restaurant's patrons without authorization, license, or permission to do so from Plaintiff. (Compl. ¶ 12).

**Jurisdiction and Venue**

The Court must have both subject matter jurisdiction and personal jurisdiction over the

Defendants and venue in this judicial district must be proper before the Court can enter a default judgment.

*Subject Matter Jurisdiction*

Plaintiff brings this cause of action pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 151, *et seq*. (Compl. ¶ 4). The Communications Act provides that "[a]ny person aggrieved by any violation of [47 U.S.C. § 553(a)(1) or 47 U.S.C. § 605(a)] may bring a civil action in a United States district court[.]" *See* 47 U.S.C. § 553(c)(1); 47 U.S.C. § 605(e)(3)(A). Because the Complaint properly alleges violations of 47 U.S.C. § 553(a)(1) and 47 U.S.C. § 605(a), the undersigned finds the Court has subject matter jurisdiction. In addition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as violations of the Communications Act raise a federal question.

*Personal Jurisdiction*

The inquiry for personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012) (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002)). A court has general jurisdiction over an individual defendant who is domiciled in the forum state. *See Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Here, the Court has personal jurisdiction over 54 Restaurant because it is a Virginia limited liability company with its principal place of business in Springfield, Virginia and a substantial part

of the events or omissions giving rise to Plaintiff's claims against 54 Restaurant occurred within Virginia.  (*See* Compl. ¶ 2; Mem. Supp. at 4).  Similarly, the Court has personal jurisdiction over Le because he resides in Virginia and a substantial part of the events or omissions giving rise to Plaintiff's claims against Le occurred in Virginia.  (*See* Compl. ¶ 3; Mem. Supp. at 4).  Therefore, the undersigned finds the Court has personal jurisdiction over both Defendants.

*Venue*

Finally, venue is proper in this District pursuant to 28 U.S.C. § 1391.  First, 54 Restaurant is located at 6795 Springfield Mall, Springfield, Virginia 22150, which is located within the Eastern District of Virginia.  (Compl. ¶ 2(d)).  Second, Le resides in Virginia.  (Compl. ¶ 3). Therefore, venue is proper under § 1391(b)(1), (c)(1), and (c)(2) because 54 Restaurant is a resident of this District and Le is a resident of this State.  In addition, venue is proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

**Service of Process**

*Defendant Restaurant 54 LLC*

Rule 4(h)(1)(B) permits service on a corporation, partnership, or association, in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).  Records from the Virginia State Corporation Commission identify NV Professional Services, LLC as the registered agent authorized to receive service of process on behalf of Restaurant 54 LLC.  (Dkt. 10-1 ¶ 5).  On August 9, 2023, Plaintiff served the Summons and Complaint on Tri Nguyen, who

8

is designated by law to accept service of process on behalf of NV Professional Services, LLC. (Dkt. 9).[5] Therefore, the undersigned finds that Restaurant 54 LLC was properly served with the Summons and Complaint.

*Defendant John Le*

Plaintiff may serve an "individual—other than a minor, an incompetent person, or a person whose waiver has been filed—[] in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. (4)(e)(1).[6] In this instance, the Virginia law Plaintiff appears to rely upon to effectuate service on Defendant Le is Virginia Code § 8.01-296, which permits substituted service on individuals "by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing." Va. Code § 8.01-296(2)(b). Substituted service by posting is effective service of process only if the party to

---

[5] Virginia State Corporation Commission records indicate that NV Professional Services, LLC is located at 6828 Commerce Street, Suite G1, Springfield, Virginia 22150. (Dkt. 10-1). However, the Proof of Service filed by Plaintiff indicates that Tri Nguyen of NV Professional Services, LLC was served at 7288 John Ryland Way, Springfield, Virginia. (Dkt. 9). At the April 26, 2024 hearing, the undersigned ordered Plaintiff to file a supplemental memorandum explaining this discrepancy. (Dkt. 19). On May 10, 2024, Plaintiff filed the supplemental memorandum and declaration in which it stated that the process server attempted to serve NV Professional Services at the Commerce Street address but could not locate a person authorized to accept service of process. (Dkt. 20). The process server then spoke with Tri Nguyen, a part owner of NV Professional Services, and arranged to serve Nguyen at the John Ryland Way location. (*Id.*)

[6] Plaintiff's counsel represented that to his knowledge Le is not a minor or an incompetent person, which is supported by Le's role as part owner and general manager of 54 Restaurant, and there is no indication in the record that Le filed a waiver with the Court. (Wallin Decl. ¶ 8).

9

be served cannot be served personally pursuant to Va. Code § 8.01-296(1), or the party to be served, or a family member over the age of 16, cannot be found at the party's usual place of abode and is unable to be personally served process pursuant to Va. Code § 8.01-296(2)(a).

Here, Plaintiff's Proof of Service filed with the Court reflects that on August 12, 2023, a process server attempted to effect service at an address in Lorton, Virginia but no "authorized recipient [was] found." (Dkt. 8). The process server then posted "copies [of the Complaint and Summons] in a conspicuous manner on the front door or such other door as appear[ed] to be the main entrance of the usual place of abode." (*Id*.) Plaintiff satisfied the final requirement of Va. Code § 8.01-296(2)(b) on March 27, 2024, when it mailed both Defendants copies of the Summons and Complaint. (Dkt. 21). The record contains no evidence that the Lorton, Virginia address is Le's residence, much less any evidence about how Le's residence was ascertained. However, the supplemental declaration filed by Plaintiff's counsel on May 10, 2024, states that Le spoke with counsel on August 15, 2023, and stated that he "received the copy of the Summons and Complaint that were posted on his door by the process server." (Dkt. 20). This is sufficient for the undersigned to find that the Summons and Complaint were properly posted at Le's usual place of abode and that Le had actual notice of this lawsuit. Therefore, the undersigned finds that Le was properly served with the Summons and Complaint.

### Fed. R. Civ. P. 12(b)(6) Analysis of Plaintiff's Claims

Before entering default judgment, the court must evaluate a plaintiff's complaint against the standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("The facts are drawn from the complaint. Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.") (citation

omitted). Plaintiff has brought two claims against each Defendant under the Communications Act, namely, violations of 47 U.S.C. § 553(a)(1) and 47 U.S.C. § 605(a).

47 U.S.C. § 553(a)(1) prohibits the theft of commercial cable communications. Specifically, the statute provides that "no person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." [7] Similarly, 47 U.S.C. § 605(a) prohibits persons who transmit or receive wire or radio communications, which includes satellite communications and cable television services, from divulging such communications except to authorized persons. *See Joe Hand Promotions, Inc. v, Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 666 (E.D. Va. 2013) (explaining that while § 605(a) refers to radio communications, Congress brought satellite communications and cable television service within the purview of this section when it added subsections (b)–(e)). To establish civil liability under either statute, Plaintiff must establish that (1) it had the exclusive right to license and distribute the Program to commercial establishments; (2) Defendants displayed the Program at 54 Restaurant; (3) Defendants did so without authorization; and (4) the Program was displayed over a cable system or by wire or radio communications.

Here, the well-pleaded allegations of fact contained in the Complaint and deemed admitted for purposes of this Motion establish that Plaintiff held the exclusive right to license and distribute the nationwide telecast of the Program on July 10, 2021, including all undercard bouts and commentary, to commercial establishments throughout the United States. (*Id*. ¶¶ 1, 8). The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to

---

[7] The term "person" means any individual, partnership, association, joint stock company, trust, corporation, or governmental entity. 47 U.S.C. § 522(15).

cable systems and satellite television companies via satellite signal. (*Id*. ¶ 8). Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Program in 54 Restaurant for a fee. (Compl. ¶ 10). However, Defendants chose not to contract with Plaintiff or pay any fees to Plaintiff to obtain the proper license or authorization. (*Id.*). At no time did Plaintiff give Defendants license, permission, or authority to receive and exhibit the Program in 54 Restaurant. (*Id.*). By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants intercepted or received the interstate communication of the Program or assisted in such actions. (Compl. ¶ 11). Defendants then transmitted, divulged, and published the Program, or assisted in transmitting, divulging, and publishing the Program, to 54 Restaurant's customers. (*Id.*). Defendants exhibited the Program to 54 Restaurant's patrons without authorization, license, or permission to do so from Plaintiff. (Compl. ¶ 12).[8]

These well-pleaded facts satisfy each essential element of both statutes and, therefore, the undersigned finds that Plaintiff has satisfied the requirements of Fed. R. Civ. P. 12(b)(6) with respect to both 47 U.S.C. § 553(a)(1) and 47 U.S.C. § 605(a).

*Vicarious Liability*

In addition to finding that Plaintiff has sufficiently alleged two violations of the Communications Act against 54 Restaurant, the undersigned also finds Le vicariously liable for the same violations. To establish vicarious liability under the Communications Act, a plaintiff

---

[8]   Plaintiff engages outside independent auditors to identify and visit establishments that are exhibiting the Program without authorization from Plaintiff. (Mem. Supp. at 3). Auditor Richard Dunmire visited 54 Restaurant on July 10, 2021 and observed the Program being broadcasted to fifty-five (55) people on twelve (12) large televisions. (*Id*.; Dkt. 13-2, Dunmire Affidavit). Auditor Dunmire also noted that 54 Restaurant had an approximate capacity of one-hundred and fifty (150) people. (*Id*.).

need only show that the individual defendant had the right and ability to supervise the infringing activity and possessed an obvious and direct financial interest in the infringing activities. *See Joe Hand Promotions, Inc. v. Nichols,* No. 2:14-cv-28727, 2017 WL 3216593, at *2 (S.D. W.Va. July 28, 2017); *Joe Hand Promotions, Inc. v. Upstate Recreation*, No. 6:13-2467-TMC, 2015 WL 685461, at *7 (D.S.C. Feb 18, 2015); *Joe Hand Promotions, Inc. v. Mehovic*, No. 1:12-cv-267, 2013 WL 3155355, at *4 (W.D.N.C. June 20, 2013); *see also Sony Music Ent. v. Cox Commc'ns, Inc.*, 464 F. Supp. 3d 795, 813 (E.D. Va. 2020) (applying an identical vicarious liability standard in a copyright infringement case).

Here, the Complaint alleges that Le (1) was an officer, director, shareholder, member and/or principal of the entity owning and operating 54 Restaurant; (2) had a right and ability to supervise the activities of 54 Restaurant; and (3) had an obvious and direct financial interest in the activities of 54 Restaurant. (Compl. ¶ 3(a)–(c)). The allegations in the Complaint are supplemented by Exhibits C and D to the Wallin Declaration, which are copies of Le's social media pages in which Le describes himself as the General Manager as well as part of the management and partnership team of 54 Restaurant. (Dkt. 13-3). Taken together, these social media pages are sufficient to establish Le's role at 54 Restaurant as both an owner and day-to-day manager. As such, the record establishes that during the relevant period, Le had a right and ability to supervise the infringing activity and possessed an obvious and direct financial interest in the infringing activity. Therefore, the undersigned finds Le to be vicariously liable for violations of the Communication Act, 47 U.S.C. § 553(a)(1) and 47 U.S.C. § 605(a).

## Default Judgment

For these reasons, the undersigned recommends the Court grant Plaintiff's Motion for Default Judgment against both Defendants for violations of 47 U.S.C. §§ 553(a)(1) and 605(a).

Default judgment does not, however, automatically grant the relief sought in the Complaint. *See* Fed. R. Civ. P. 54(c). The undersigned now turns to Plaintiff's request for damages, attorneys' fees, costs, and interest.

**Requested Relief**

*Statutory and Enhanced Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii)*

When a defendant is liable under both 47 U.S.C. §§ 553(a)(1) and 605(a), an aggrieved plaintiff may recover damages under only one section. *See Joe Hand Promotions, Inc.*, 920 F. Supp. 2d at 666. Here, Plaintiff has elected to recover damages under 47 U.S.C. § 605, which allows a greater maximum award. *Id*. ("§ 553 allows for additional damages up to $50,000.00 for willful violations of the section, whereas § 605 allows up to $100,000.00 for the same conduct[]"); (Mem. Supp. at 7). Section § 605(e)(3)(C)(i)(I), (II) allows Plaintiff to pursue either actual damages or statutory damages, and Plaintiff has chosen to seek statutory damages. (Mem. Supp. at 7, 15).

Section 605(e)(3)(C)(i)(II) states in relevant part that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." In addition, § 605(e)(3)(C)(ii) provides that "[i]n any case in which the court finds the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of [statutory] damages . . . by an amount of not more than $100,000 for each violation of subsection (a)."

*Statutory Damages*

Although the Complaint contains only a general prayer for relief, in Plaintiff's Motion for Default Judgment, Plaintiff seeks a total of $28,000.00 in damages. (Mem. Supp. at 15).

Specifically, Plaintiff requests $4,000.00 for the unauthorized showing of the Program and an additional $24,000.00 given the willfulness of the violation and because it was motivated by private financial gain. (*Id.*). Plaintiff argues this award is necessary, in part, to deter future infringement. (*Id.*).

The Court has discretion to award damages within the statutory range of $1,000.00 to $10,000.00 for each violation of the Communications Act. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). Although the Fourth Circuit has not provided a bright-line rule for evaluation such actions, other courts have generally adopted one of two approaches to calculate statutory damages, including calculating damages based on either the number of patrons in an establishment during the illegal broadcast or a flat damage amount. *See Joe Hand Promotions, Inc. v. Bougie, Inc.*, No. 1:09CV00590 (TSE/IDD), 2010 WL 1790973, at *5 (E.D. Va. Apr. 12, 2010), *report and recommendation adopted*, No. 1:09CV590, 2010 WL 1790883 (E.D. Va. May 3, 2010) (citations omitted); *Joe Hand Promotions, Inc. v. Woldesillassie*, No. 1:19-CV-0856-RDA-MSN, 2019 WL 12396971, at *3 (E.D. Va. Dec. 17, 2019), *report and recommendation adopted*, No. 1:19CV0856 (RDA/MSN), 2020 WL 10099814 (E.D. Va. Jan. 23, 2020) ("Some courts have found it appropriate to award only the cost to purchase a license as the appropriate amount of damages."). Moreover, "courts in this district have found it appropriate to add additional totals to the flat sum, based on factors such as the number of patrons present, the presence of a cover charge, and evidence of promotion of the event." *Joe Hand Promotions, Inc.*, 2019 WL 12396971, at *3 (citation omitted).

In this case, domestic commercial establishments were required to pay Plaintiff a commercial sublicense fee to broadcast the Program. (Hand Decl. ¶ 9). The sublicense fee for the Program was based on the capacity of the establishment, which varies for each event. (*Id.*) The

15

capacity of 54 Restaurant was approximately 150 people. (Dkt. 13-2, Dunmire Affidavit). Thus, if Defendants had properly obtained a commercial license to broadcast the Program, it would have cost Defendants $1,445.00. (*See* Dkt. 13-2, Rate Card). At issue here is a single broadcast of the Program that was viewed by approximately 55 customers, which is less than half of the restaurant's maximum capacity. (*See* Dunmire Affidavit). Plaintiff provided evidence that Defendants advertised the Program via social media to presumably increase sales and profits, but there is no evidence that Defendants charged a cover fee to watch the Program at 54 Restaurant. Based upon the information provided by Plaintiff, the undersigned finds that the appropriate manner by which to calculate statutory damages is to award Plaintiff a flat amount based on the price of the sub-licensing fee. Therefore, the undersigned recommends that Defendants should be ordered to pay statutory damages to the Plaintiff in the amount of $1,445.00.

*Enhanced Damages*

Plaintiff additionally seeks enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which permits the court to award damages up to "an amount of not more than $100,000.00 for each violation of subsection (a) of this section" committed by the Defendants. Plaintiff seeks $24,000.00 in additional damages for Defendants' willfulness. In determining whether defendants' conduct was willful and enhanced damages justified, courts consider whether defendant engaged in repeated violations, whether there were substantial unlawful monetary gains, whether there was advertising for the broadcast, and whether an admission fee, or premiums for food and drink, were charged. *Joe Hand Promotions, Inc.*, 2019 WL 12396971, at *4 (awarding $10,000.00 in enhanced damages) (citing *J & J Sports Production v. Guzman*, 553 F. Supp. 2d 195, 199 (E.D.N.Y 2008)). However, in awarding enhanced damages, courts have considered that "although the amount of damages should be an adequate deterrent, [a single] violation is not so

16

serious as to warrant putting the restaurant out of business." *Joe Hand Promotions, Inc.*, 2010 WL 1790973, at *6 (awarding $10,000.00 in enhanced damages) (citing *Garden City Boxing Club, Inc. v. Polanco*, No. 05 Civ. 3411, 2006 WL 305458, at *5 (S.D.N.Y. Feb 7, 2006).

Here, the record clearly establishes that Defendants acted willfully and for purposes of direct commercial advantage and/or private financial gain. Defendants purposefully advertised the Program on social media to increase customer attendance and revenue and took affirmative steps to unlawfully acquire the signal to broadcast the Program. (Hand Decl. at 3–4). Thus, the undersigned finds Defendants' conduct to be willful, for purposes of direct commercial advantage and/or private financial gain, and without authorization from Plaintiff. *See Time Warner Cable v. Googies Luncheonette, Inc.,* 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of . . . private financial gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."); *Joe Hand Promotions, Inc. v. Benetiz*, No. 18-cv-6476 (ARR) (PK), 2020 WL 5519200, at *6 (E.D.N.Y. Aug. 27, 2020) ("Willfulness can be established merely by the broadcast of an event without authorization."). Therefore, Plaintiff is entitled to enhanced damages.

In determining the appropriate amount of enhanced damages, the undersigned recognizes that at issue here is only a single broadcast of the Program that was viewed by no more than 55 customers. (*See* Dunmire Affidavit). While the Defendants advertised the Program on social media, in conjunction with "$6 Proper 12 Whiskey Shots," Plaintiff has not shown that Defendants significantly benefited from the broadcast, nor have they shown that Defendants required a cover charge from individuals when entering 54 Restaurant. Accordingly, the undersigned finds that awarding an additional $10,000.00 in enhanced damages would be more than sufficient to deter the Defendants from repeating its conduct and any more would constitute an excessive windfall to

Plaintiff. Therefore, the undersigned recommends that the Court award Plaintiff $1,445.00 in statutory damages and an additional $10,000.00 in enhanced statutory damages.

*Attorneys' Fees and Costs*

Plaintiff also seeks to recover $1,500.00 in attorneys' fees and $777.50 in costs. (Wallin Decl. ¶ 13). In support of its request, Plaintiff provided the sworn declaration of its attorney, Alex Wallin, who avers under oath that attorneys representing Plaintiff reasonably expended a minimum of six (6) hours in litigating this matter at a billable hourly rate of $250.00 per hour, totaling $1,500.00 in attorneys' fees. (*Id*. ¶ 11). Mr. Wallin also represents that Plaintiff incurred costs of $507.50 to file the Complaint and $270.00 to effectuate service on Defendants. (*Id*. ¶ 11). 47 U.S.C. § 605(e)(3)(B)(iii) provides that "the court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Having examined the record and the Wallin declaration, the undersigned finds that Plaintiff is the prevailing party, the requested attorneys' fees are reasonable compensation for the work expended to enforce Plaintiff's rights, and the costs are appropriately recoverable.

*Post-Judgment Interest*

Finally, Plaintiff seeks interest. (Compl., Prayer for Relief). Although the Wallin Declaration is silent as to Plaintiff's position regarding interest, the undersigned finds that an award of post-judgment interest is appropriate. A court may allow post-judgment interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The undersigned finds that entitling Plaintiff to post-judgment interest is appropriate in this case to ensure that Plaintiff receives the proper value of the damages awarded against Defendants, regardless of when Plaintiff may be able to collect such damages. The post-judgment interest is to be calculated in accordance with 28 U.S.C. § 1961.

### Recommendation

For the reasons outlined above, the undersigned United States Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be granted against both Defendants. Specifically, the undersigned recommends that:

- Defendants violated both 47 U.S.C. § 553(a)(1) and 47 U.S.C. § 605(a);

- Plaintiff is entitled to damages in accordance with 47 U.S.C. § 605(e)(3);

- Plaintiff be awarded statutory damages, including enhanced damages, in the total amount of $11,445.00;

- Plaintiff be awarded attorneys' fees in the amount of $1,500.00;

- Plaintiff be awarded costs in the amount of $777.50;

- Plaintiff be awarded post-judgment interest on its award in accordance with 28 U.S.C. § 1961; and

- Defendant Restaurant 54 LLC doing business as 54 Restaurant and Defendant John Le be jointly and severally liable for the damages and fees awarded.

### Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to file timely objections waives appellate review of any judgment or decision based on this Report and Recommendation.

*William E. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

July 10, 2024
Alexandria, Virginia